HELEN CLARK, RESPONDENT, v. STANDARD SANITARY MANUFACTURING COMPANY, A CORPORATION, APPELLANT.

HAROLD CLARK, RESPONDENT, v. STANDARD SANITARY MANUFACTURING COMPANY, A CORPORATION, APPELLANT.

Submitted January 24, 1930—Decided April 17, 1930.

Before Justices PARKER, BLACK and BODINE.

For the appellant, *Henry Schlittenhart.*

For the respondents, *Breslin & Breslin.*

PER CURIAM.

The plaintiff, a tenant in an apartment house, was injured by turning off a faucet in the bathroom of her apartment. Her testimony was that she felt a sudden sensation of pain and found that her hand was bleeding profusely and that an artery had been cut and an examination developed the fact that the porcelain handle of the faucet had broken in her hand and a jagged piece of porcelain had cut it. The defendant was the manufacturer of the particular faucet. She sued the defendant for damages, her husband joining in for loss of his wife's services. Each plaintiff had a judgment and on these

appeals the points are made, first, that the court erred in refusing a nonsuit on the grounds that no duty by the defendant to the plaintiffs was shown; also, that there was no evidence of negligence on the part of the defendant; and that the court should have directed a verdict for the defendant on the ground that the evidence showed conclusively that the defendant had used due care in making tests; also, that there was no proof that the defect in the handle was a proximate cause of the injury; that there was no proof that the handle was defective when it left the hands of the defendant; that the court erred in permitting the witness Holden to testify as an expert; and that it refused to charge certain requests.

We consider that a question for the jury was presented on all the material aspects of the case. It was conceded that the defendant had made the faucet in question and there was evidence to show that these porcelain handles were liable to break if not properly manufactured. A handle of this sort is something which is more or less in constant use and it is necessarily subject to a certain amount of shock in turning on and off, so that it is quite reasonable to say that a manufacturer should use due care to manufacture it with the quality of resisting this ordinary usage. Apparently it broke when the faucet was being turned off in the usual and ordinary way. Such an occurrence would seem to speak of negligent construction but, apart from this, there was the testimony of the witness Holden, who claimed to have examined the broken pieces, that the handle had been over-baked and was consequently brittle. It is claimed that an article of this kind does not come within the class of articles with respect to which action will lie in cases of defect causing injury, but to this we are unable to agree. In recent years there have been a number of cases in our reports in which simple articles have broken down with consequent injury to the users. In several of these cases the plaintiff failed of recovery because the action was brought not against the manufacturer but against the merchant who had in good faith bought the article from the manufacturer as, for example, a ginger ale bottle and the wheel of an automobile. Here the suit is directly against the manufacturer, and.

properly so. The evidence for the defendant tending to show proper construction merely imposed upon the jury a duty of weighing the evidence in that regard.

The testimony of the witness Holden we think was properly admitted. He said that he had been in the business of plumbing contractor for twenty-one years and had inspected thousands of faucets in that time. This seemed to be enough to satisfy the court in admitting his testimony to the jury for whatever weight the jury might be disposed to give it.

The court was asked to qualify a charge with relation to the duty owed by the manufacturer in the following manner:

"But even so, if you find that this article is not inherently dangerous, that is, not dangeruos in itself, nor is it likely to become dangerous when put to the use for which it is intended, then the defendant, Standard Sanitary Manufacturing Company owes to the plaintiff no duty whatsoever."

What we have said above in relation to the motions to nonsuit, and to direct, covers this point also.

We find no injurious error and therefore the judgment will be affirmed.