John Hoenig, Respondent, *v.* Central Stamping Company, Appellant.

Submitted December 4, 1936; decided December 31, 1936.

*H. Preston Coursen* for appellant.

*David T. Sutton* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ. CRANE, Ch. J., dissents in the following opinion:

CRANE, Ch. J. (dissenting). This proposed decision carries the doctrine of *MacPherson* v. *Buick Motor Co.* (217 N. Y. 382) entirely too far.

It would make the manufacturer of every coffee pot or dishpan liable for the consequences of a broken handle, no matter how far removed the injured person might be from the original purchaser. There must be a limit somewhere. There must be something more than a possibility of danger, at least a probability. An exploding coffee urn or glass jar or breaking wheel will almost certainly cause serious injury. The manufacturer alone can guard against such defects. Not so with handles to receptacles which may be safely used.

This coffee urn was so heavy when filled that the plaintiff himself says that they first lifted it upon the stove and then filled it with hot water from the pail. Nowhere does he explain why it could not have been left upon the gas stove and coffee served from there or poured out into other receptacles. If it went in from a pail at one end, there is no reason stated why it could not come out in a pail at the other end. Instead of that the plaintiff, knowing it was too heavy to lift when filled, attempted to remove it from the stove after the contents had been heated. This is his testimony. There is nothing in the evidence to show that coffee urns of this weight were usually carried around by the handles or that the manufacturer had any reason to suppose that they would be when filled with boiling substance.

For these reasons I do not think that the plaintiff made out a case, and that his complaint should be dismissed.