HARTFORD ACCIDENT AND INDEMNITY COMPANY v. ANCHOR HOCKING GLASS CORPORATION.

*(September* 29, 1947.)

SPEAKMAN, J., sitting.

*Max Terry.* and *James H. Hughes, III,* for plaintiff.

*Robert H. Richards, Jr.,* for defendant.

Superior Court for Kent County, No. 23, July Term, 1947.

SPEAKMAN, Judge.

In this case the plaintiff does not rely upon the doctrine of res ipsa loquitur. It concedes, as was held in *Slack v. Premier-Pabst Corp.*, 1 *Terry* (40 *Del.*) 97, 5 *A.* 2d 516, that the rule "is not applied except where the transaction was in the exclusive management of the defendant, and all of the elements of the occurrence within his control, and the result is so unaccountable that the defendant's negligence as a proximate cause of injury is the only fair inference to be drawn from the circumstances."

It relies on an exception to the general rule as stated in *Cooley on Torts*, 4th *Ed.* § 498, that

"a contractor, manufacturer, vendor or furnisher of an article is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture or sale of such article."

There are certain exceptions to this general rule and they may be divided into two general classes, viz., (1) where the thing causing the injury is imminently dangerous in kind, and (2) where the thing causing the injury is not imminently dangerous in kind, but is rendered dangerous by reason of some defect.

The plaintiff, in its brief, refers to an increasing restriction of the general rule, by modern cases, recognizing exceptions, and as illustrative it refers to the numerous annotations in *A.L.R.*, the first of which appears in Volume 17 at 672, and the latest in Volume 142 at 1490, and to the following cases: *Heckel v. Ford Motor Co.*, 101 *N. J. L.* 385, 128 *A.* 242, 39 *A. L. R.* 989; *Clark v. Standard Sanitary Mfg. Co.*, 149 *A.* 828, 8 *N. J. Misc.* 284, and *Smith v. Peerless Glass Co., Inc.*, 259 *N. Y.* 292, 181 *N. E.* 576, reargument denied 259 *N. Y.* 664, 182 *N. E.* 225. I gather from the plaintiff's argument that it contends that a glass jar, under

modern decisions would be an article which would be classed as imminently or inherently dangerous to life and limb. Whether that is, or is not true, here the specific charge is that the jar was negligently manufactured so that there was a flaw or defect in the glass. The facts showing such negligence on the part of the defendant must be averred with that degree of particularity which the nature of the case reasonably permits to the end that the defendant may know what charge it is to meet at the trial, and this question will now receive consideration.

In the declaration it is alleged that the jar "was carelessly and negligently manufactured and constructed by the defendant so that there was a flaw or defect in the glass constituting the ridge or raised portion of the jar." The plaintiff contends that this allegation is sufficient to disclose to the defendant the nature of the case which it must meet. It denies the contention of the defendant that the allegation of negligence is merely a conclusion. It says in its brief that the allegation contains "two facts; first the defendant manufactured the glass jar; second that the glass of the jar, as a result of defendant's acts contained a flaw." This argument would merit consideration if applied in a case where it clearly appeared that the details of the defect which brought about the plaintiff's injuries were either known by, or available to the defendant. This was the situation in *Campbell v. Walker*, 1 *Boyce* (24 *Del.*) 580, 76 *A.* 475. There, in one of the counts, the declaration alleged in substance the fact of a collision of the defendant's automobile with the vehicle in which the plaintiff was riding, and averred that the collision and consequent injury were due to the negligence of the defendant, in that the defendant was blind in one of his eyes and of imperfect vision, and was therefore negligent in running and operating his automobile. Upon special demurrer, this count was held good.

The important difference in principle between the Campbell case and the instant case is that there the alleged defect which was the cause of the collision and the resulting damage was the imperfect vision of the defendant. This specific statement of fact gave to the defendant full notice of what he would be called upon to meet at the trial. Here the alleged defect which brought about or caused the injury is a flaw, at a designated place, in the glass of the jar. This is also a specific statement of fact, but one from which no inference can properly be drawn that the particular details of fact which disclosed the flaw or defect were known to the defendant.

The plaintiff says that "in alleging that the jar was manufactured with a flaw in the glass, plaintiff has alleged all that it is possible for him to know." It will not do to excuse itself on that ground, nor to say, as is alleged in the second count, that "the defendant knew, or should have discovered by a reasonable inspection, that the said flaw or defect in the said glass jar existed." An inspection and examination of the jar after the accident, and the information obtainable therefrom were, or should have been available to, or on behalf of, the injured employee, her employer and his insurer. That some inspection was made of the jar, either before or after the accident, is apparent from the plaintiff's allegation that there was a flaw or defect in the glass.

The three cases cited by the plaintiff in support of the principle of law upon which it relies deserve some notice. They may serve the purpose for which they were cited, but they do not aid the plaintiff on the question of the sufficiency of the allegations of negligence in its declaration. In *Heckel v. Ford Motor Co.*, the plaintiff was injured by the bursting of a pulley. The evidence of the defect in the pulley was a dark or black space showing an old defect against a bright

or white portion showing a fresh break. The Court held that the breaking or bursting of the pulley, coupled with evidence of a defect therein, called upon the defendant to show what care it had used in its manufacture. In *Clark v. Standard Sanitary Mfg. Co.,* the plaintiff was injured by turning off a faucet in her apartment. The handle broke when the faucet was being turned off in the usual and ordinary way. The Court said that such an occurrence would seem to speak of negligent construction, but, apart from this there was the testimony of the witness Holden, who had been in the business of plumbing contractor for twenty-one years and had inspected thousands of faucets in that time, who examined the broken pieces and testified that the handle had been overbaked and was consequently brittle. In *Smith v. Peerless Glass Co. Inc.,* the plaintiff was injured by the explosion of a soda water bottle. The bottle on its surface contained little ridges, known as striae, higher than the rest of the bottle. Striae is regarded as a defect, principally so, because such a bottle, subjected to contact with cold, undergoes an uneven contraction which starts a slight crack, and thereupon blows out under the pressure of the charged water, and that is what happened in this case.

The foregoing cases are illustrative of the extent of proof required by Courts in other jurisdictions for the purpose of establishing a prima facie case in actions similar to the one under consideration. Proof, at least, to the same extent would be required by the Courts of this State, and under the well recognized rule of pleading in this State, the defendant would, before trial, be entitled to all the requisite facts which are necessary to be proved to entitle the plaintiff to a verdict. The plaintiff is never obliged to set out in his declaration matters of evidence, but he must set out therein, with reasonable certainty and particularity, essential facts, so that the defendant will be enabled to prepare his defense. This rule does not permit

of the general and indefinite mode of declaring, as adopted by the plaintiff in this case, which admits of almost any proof. The averment of negligence is not well pleaded in either count. Because of the present state of the pleading it is unnecessary to arrive at any conclusion on the other points raised by the defendant. The demurrer will be sustained.