ABRAHAM CRAWFORD, Plaintiff, v. BLITMAN CONSTRUCTION CORP., Defendant, and RICHARD LUMBER Co., INC., Respondent. BLITMAN CONSTRUCTION CORP., Third-Party Plaintiff, v. ZARRET CONSTRUCTION Co., INC., Third-Party Defendant-Appellant.

First Department, April 24, 1956.

*Francis J. Healy* of counsel (*Frederick Mellor,* attorney), for appellant.

*Harold M. Brown* for respondent.

BREITEL, J. P.  Zarret Construction Co., Inc., a carpentry subcontractor, appeals from dismissal of its cross complaint against Richard Lumber Co., Inc., the lumber supplier.  Plaintiff, an employee of the subcontractor, sued Blitman Construction Corp., the general contractor, and the lumber supplier, for injury sustained.  The general contractor, in turn, impleaded the carpentry subcontractor as a third-party defendant.  It is this subcontractor which, in turn, has served a cross complaint on the lumber supplier which, as already noted, had been joined as a defendant in the original pleading by the injured plaintiff.

The order dismissing the cross complaint should be affirmed, insofar as it dismisses the cross complaint, but should be modified to provide leave to replead, for the reason that the lumber supplier may be liable over to the carpentry subcontractor.

The right of the subcontractor to indemnity is not precluded by the mere fact that each of the parties is negligent with respect to the plaintiff.  It is governed by the relationship among the negligent parties, and the inquiry centers around the question of which party is primarily at fault.  (*Tipaldi* v. *Riverside Memorial Chapel,* 273 App. Div. 414, 418–419, affd. 298 N. Y. 686.)  Here, for example, according to the broad pleadings (all that is before us), the general contractor may be liable to plaintiff, a carpenter employed by the subcontractor, for failure to provide

a safe place to work. If so, the subcontractor may, nevertheless, be liable over to the general contractor, for failure to inspect the allegedly defective lumber claimed to have caused the accident. Under these circumstances, the subcontractor may be entitled to recover over against the lumber supplier, the primary wrongdoer, for supplying defective lumber. (See, e.g., *McFall* v. *Compagnie Maritime Belge,* 304 N. Y. 314.)

In the chain of events, the subcontractor may be guilty of primary negligence with reference to the general contractor, by reason of his duty to inspect and failure to perform such duty. As between a general contractor who has a nondelegable duty to provide a safe place to work and the noninspecting subcontractor, the latter sustains a greater guilt in failing to prevent a prior condition which caused the accident, and is, therefore, " actively negligent " and " primarily " liable. However, if the lumber supplier provided defective lumber, and the subcontractor had a right to rely on the supplier, as between the latter and the subcontractor, the subcontractor was merely guilty of failure to inspect, while the lumber supplier is responsible in the first instance for providing the producing cause of the accident. In that situation, it is the supplier who is the " actively " negligent agent because it created the condition, and it is the subcontractor who is " passively " negligent because it was merely guilty of a failure to inspect. Thus, in the *Tipaldi* case (*supra*) it was said (p. 418) : " The general contractor contends that the cross claim for indemnification was properly dismissed in view of the jury's finding that the general contractor and the owner were guilty of the same passive negligence. The merits of this contention must be resolved by a determination of the question whether these defendants stand *in pari delicto.* However, the mere fact that both parties may be guilty of negligence in law as to the person injured does not necessarily mean that the owner and the general contractor are *participes criminis* or *in pari delicto* as to each other."

The key to the analysis is that we are dealing with relative terms. There is no absolute " active " negligence. There need be no absolute degrees of liability among joint wrongdoers. (See the particularly relevant discussion in 1952 Report of N. Y. Law Revision Commission, pp. 21–63, especially pp. 53–55.) Involved is the relationship of the parties, their contractual or other responsibility to each other, and the degree of wrongfulness indicated by the commission or omission which resulted in the accident. These factors will determine the relative liability as between any two parties in the sequence of events. Thus it may well be that the supplier is liable over to a subcontractor for

breach of a responsibility which he owed directly to the subcontractor, while, at the same time, that subcontractor will still have been liable over to the general contractor for breach of a responsibility which the subcontractor undertook to bear for the general contractor. The linking of varying degrees of liability may occur in the same sequence of events because each of the parties contributed in its own way, according to its separate responsibility, to the accident and the injuries sustained by plaintiff.

Neither the cross complaint under attack, nor the other pleadings, allege with whom the lumber supplier made the contract to supply the lumber, alleged to be defective. This suggests the question whether there is privity or other relation supporting liability. While once this would have posed serious difficulties, this is no longer true, so long as the supplier knew and must have apprehended the use and the users of the allegedly defective material. (See, generally, Prosser on Torts [2d ed.], p. 497 *et seq.*; *Campo* v. *Scofield*, 301 N. Y. 468, 471, and *Hoenig* v. *Central Stamping Co.*, 273 N. Y. 485.)

Another point merits comment. If the defect in the lumber was detectable on mere observation, then it is doubtful whether the subcontractor could obtain indemnification from the supplier, for then he would probably be *in pari delicto* with the supplier in failing to discover so patent a defect. Consequently, the subcontractor would have a better pleading if he were to replead, alleging facts showing that the defect in the lumber would not have been detected by inspection, reasonable under the circumstances. (See *Campo* v. *Scofield, supra.*) This is indicated, although the prior pleadings by the several parties are as broad as they are, and perhaps because they are so broad.

In any event, the nature of the several responsibilities, as well as the degrees of wrongdoing, are not determinable on the pleadings alone. Development of the facts upon a trial is required.

Accordingly, the order dismissing the cross complaint of Zarret Construction Co., Inc., should be modified to grant leave to replead, and otherwise affirmed in all respects, without costs to either party as against the other.

RABIN, COX, VALENTE and BASTOW, JJ., concur.

Order dismissing the cross complaint of Zarret Construction Co., Inc., unanimously modified to grant leave to replead and otherwise affirmed in all respects, without costs to either party as against the other. Settle order on notice.