MARY F. BEHRINGER, Plaintiff, v. WILLIAM GRETZ BREWING Co., a corporation of the Commonwealth of Pennsylvania, and PARK DISTRIBUTING COMPANY, a corporation of the State of Delaware, Defendants.

(*March* 10, 1961.)

STOREY, J., sitting.

*Arthur J. Sullivan* (of the firm of Morris, James, Hitchens and Williams) for the Plaintiff.

*F. Alton Tybout* (of the firm of Prickett and Prickett) for defendant, William Gretz Brewing Co.

*Vincent A. Theisen* and *Victor F. Battaglia* for defendant, Park Distributing Company.

Superior Court for New Castle County, No. 1009, Civil Action, 1959.

STOREY, J.:

This is an action for personal injuries brought by Mary F. Behringer, plaintiff, against William Gretz Brewing Co. (hereinafter referred to as Gretz), a corporation of the Commonwealth of Pennsylvania, and Park Distributing Company (hereinafter referred to as Park), a corporation of the State of Delaware. Gretz is the manufacturer of a product known as Gretz beer; Park is a wholesale distributor of this and similar products in and around Wilmington; and plaintiff is an employee of Mary Harmon who owns and operates a package liquor store in Wilmington.

Mary Harmon ordered and received five cases of Gretz beer from Park. Each case contained four cardboard carriers, which in turn contained six sixteen-ounce bottles of beer. While acting in the course of her employment, plaintiff opened one of these cases and removed a carrier; whereupon the six bottles of beer fell through the bottom of the carrier striking plaintiff's left foot and ankle, and causing the injuries of which she complains.

In count I of her complaint, plaintiff alleges that Gretz negligently manufactured and packed its product, and because of such negligence, the bottles fell from the carrier, thereby causing plaintiff's injuries. Plaintiff relies on the doctrine of *res ipsa loquitur* in her action against Gretz, and in the event this doctrine is not applicable, she has alleged specific acts of negligence on the part of Gretz and/or Park. In count II, plaintiff has alleged that Gretz and Park represented and warranted that the carrier was of merchantable quality, *i.e.*, proper and safe for carrying bottles; that plaintiff relied on

this warranty; and that plaintiff was injured because of breach of warranty by Gretz and/or Park.

Gretz filed an answer and took depositions of plaintiff. Gretz herein moves for summary judgment under Rule 56 of the Delaware Superior Court Civil Rules, *Del. C. Ann.* Park moves, under Rule 12(b) (6), for dismissal of the complaint for failure to state a claim upon which relief can be granted. In support of its motion, Park has filed an affidavit of its President. Therefore, Park's motion shall be treated as one for summary judgment under Rule 56. Del. Super. Ct. Civil Rules, Rule 12(b).

Summary judgment shall be granted if the pleadings, deposition and affidavit show there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. The parties herein are in agreement as to the basic facts.

Gretz's motion will be considered first. Plaintiff has alleged two claims for relief against Gretz: (1) negligence; and (2) breach of warranty. They will be considered separately in this order.

The general rule concerning the liability of a manufacturer to third parties, who have no contractual relation with the manufacturer, for negligence in the construction or manufacture of articles, was first laid down in the jurisdiction by Judge Layton as follows:

"[A] Contractor, manufacturer or vendor is not liable to third parties who have no contractual relations with him for negligence in the construction, manufacture or sale of the articles he handles." *Gorman v. Murphy Diesel Co.*, 1942, 3 *Terry* 149, 29 A. 2d 145, 147.

This rule was subsequently followed in *Hartford Accident & Indemnity Co. v. Anchor Hocking Glass Corp.*, 1947, 5 *Terry* 39, 55 A. 2d 148, 149-150 and *Hunter v. Quality Homes, Inc.*,

1949, 6 *Terry* 100, 68 *A.* 2d 620, 622. See also *Prosser, Torts,* § 84 (2d ed. 1955); 1 Stevenson, *Negligence in the Atlantic States* § 188 (1954); *Restatement, Torts* § 395 (1934); 65 *C. J. S. Negligence* § 100.

However, there is a well recognized exception to this general rule which is normally stated as follows:

"[O]ne who sells or delivers an article which he knows to be imminently dangerous to life and limb of another without notice of its qualities is liable to any person who suffers an injury therefrom which might have been reasonably anticipated, whether there were any contractual relations between the parties or not." *Gorman v. Murphy Diesel Co., supra,* 29 *A.* 2d at page 147.

This exception applies though the article is not imminently or inherently dangerous if it may become so when put to its intended use if negligently or defectively constructed. *Gorman v. Murphy Diesel Co., supra,* 29 *A.* 2d at page 147; *Hartford Accident & Indemnity Co. v. Anchor Hocking Glass Corp.,* 1947, 5 *Terry* 39, 55 *A.* 2d 148, 150; 1 Stevenson, *Negligence in the Atlantic States* § 189 (1954); *Restatement, Torts* § 395 (1934).

■ In order to maintain this negligence claim against Gretz, plaintiff must bring herself within this exception, *i.e.,* she must show that a cardboard beer container carrying six bottles is an article imminently or inherently dangerous, or that it becomes so if negligently or defectively constructed when put to its intended use. In support of her contention that the exception is applicable, plaintiff cites *Hoenig v. Central Stamping Co.,* 1936, 273 *N. Y.* 485; 6 *N. E.* 2d 415, as analogous to the case at bar. There, a manufacturer of a coffee urn was held liable to a third party, who was burned by boiling coffee when one of the handles of the urn broke. It seems reasonably foreseeable that if a coffee urn is constructed with a defective handle, someone will be injured by its boiling con-

tents. Judge Crane, in a convincing dissenting opinion, argued that this case carried the exception too far. He said:

"There must be something more than a possibility of danger, at least a probability. An exploding coffee urn or glass jar or breaking wheel will almost certainly cause serious injury. The manufacturer alone can guard against such defects. Not so with handles to receptacles which may be safely used." *Id.*, 6 *N. E.* 2d at page 416.

The category of articles included within the exception is vague and imperfectly defined. Plaintiff has cited no case holding a cardboard beer carrier in the category. This Court has held an oil burner and an internal combustion engine to be imminently and inherently dangerous if negligently constructed. *Hunter v. Quality Homes, Inc., supra; Gorman v. Murphy Diesel Co., supra.* However, our Court has held that "bottled beer is a commodity ordinarily harmless." *Slack v. Premier-Pabst Co.*, 1939, 1 *Terry* 97, 5 *A.* 2d 516, 519. Our Court has also said that "if a machine negligently constructed is reasonably certain to imperil life or limb, it is a thing of danger * * *." *Gorman v. Murphy Diesel Co., supra*, 29 *A.* 2d at page 147. Certainly any innocent article might under some extraordinary circumstances, injure a person. This does not render it imminently dangerous. The danger must be reasonably foreseeable—probable, not merely possible. The facts of the case at bar show the possibility that one may be injured by an alleged defective carrier. I hold that such result is not probable—not reasonably foreseeable. I feel that it is in accord with the better reasoned decisions and authorities to exclude a cardboard beer carrier from the exception. *Crandall v. Stop & Shop, Inc.*, 1937, 288 *Ill. App.* 543, 6 *N. E.* 2d 685; *Stone v. Van Noy Railroad News Co.*, 1913, 153 *Ky.* 240, 154 *S. W.* 1092; *Soter v. Griesedieck Western Brewery Co.*, 1948, 200 *Okl.* 302, 193 *P.* 2d 575, 4 *A. L. R.* 2d 458; *Graham v. Cloar*, 1947, 30 *Tenn. App.* 306, 205 *S. W.* 2d

764, 769; *Annotation* 1943, 142 *A. L. R.* 1490; 65 *C. J. S. Negligence* § 100b(1), (3). Therefore, defendant Gretz's motion for summary judgment is granted as to plaintiff's claim based on negligence. This conclusion also disposes of the plaintiff's contention as to the applicability of the doctrine of *res ipsa loquitur*.

In count II, plaintiff relies on a claim of breach of warranty by Gretz in that Gretz warranted its carriers to be suited for the intended purpose, when in fact they were not so suited. However, plaintiff was not a party to any contract with Gretz, and privity of contract is essential in order to recover for breach of warranty, as was decided in *Barni v. Kutner*, 1950, 6 *Terry* 550, 76 *A.* 2d 801. The rule of the *Barni* case still appears to be the majority rule in other jurisdictions. *Prosser, Torts* 507 (2d Ed. 1955); 1 *Williston, Sales* § 244(a) (rev. ed. 1948). Jurisdictions departing from this rule and abolishing the requirement of privity of contract have done so almost exclusively in unwholesome or impure food and beverage cases. *Prosser, Torts* 507 (2d Ed. 1955); 1 *Williston, Sales* § 244 (Rev. Ed. 1948); 46 *Am. Jur. Sales*, § 306 (1943); Annotation 1943, 142 *A. L. R.* 1490, 1494. These cases allow recovery to subpurchasers or consumers not in privity of contract with the manufacturer. No case has been found allowing recovery to a third party, who is neither a subpurchaser nor a consumer, as is plaintiff's status herein. Also, this is not a case involving impure foods or beverages. Therefore, I see no reason for departing from the requirement of privity of contract as laid down in *Barni v. Kutner*. Summary judgment is granted as to plaintiff's breach of warranty claim against Gretz.

Plaintiff's complaint alleges two claims of relief against Park: (1) specific acts of negligence; and (2) breach of warranty. My consideration of the breach of warranty action against Gretz is equally applicable to Park. Plaintiff had no contractual relationship with Park, and, as a matter of law,

cannot maintain this breach of warranty action because of lack of privity of contract with Park. *Barni v. Kutner, supra.*

In her negligence count, plaintiff has alleged negligence on the part of Park as follows: (a) failure to inspect the cardboard carriers for defects; (b) use of a weak and defective carrier; (c) use of an inadequately constructed carrier under the circumstances; and (d) failure to warn the public that such carriers might break or collapse. The affidavit of Park's President, Paul Cramer, stands uncontroverted on the facts that manufacturing and packing of Gretz beer was under the exclusive management and control of Gretz; that the beer was received by Park in closed cases and the same were not opened; and that Park had no knowledge or reason to believe such cardboard carriers were defective since Park had distributed many similar cases in the past without any complaint in this respect. These undisputed facts appear to dispose of plaintiff's allegations (b), (c) and (d) above. Plaintiff elected not to controvert the statements in Park's affidavit; therefore, they must be accepted as true for the purposes of ruling on Park's motion for summary judgment. *Frank C. Sparks Co. v. Huber Baking Co.,* 1953, 9 *Terry* 9, 96 *A.* 2d 456, 459.

The remaining question is whether or not Park was negligent in failing to open the cases and inspect the cardboard carriers for defects. The general rule is that a dealer or retailer is under no duty to inspect for latent defects in articles contained in closed packages as they come from the manufacturer, unless the dealer or retailer has knowledge of such defects or reasonable ground to suspect that such defects exist. 46 *Am. Jur. Sales* § 805 (1943); 65 *C. J. S. Negligence,* 1950, § 100c(2) (b); *Restatement, Torts* § 402 (1948 Supp.). This rule was adopted by this Court in *Simmons v. Richardson Variety Stores,* 1957, 1 *Storey* 80, 137 *A.* 2d 747. This case was a personal injury action by a minor by his next friend against a seller of a toy top. The minor was injured by

an alleged defect in the top. Judge Carey granted defendant's motion for summary judgment, holding that "a retailer is under no obligation to test articles made by another for the purpose of discovering latent or hidden dangers therein." *Id.*, 137 *A.* 2d 747 at page 749. It would certainly be an un-reasonable burden on Park to require it, at its peril, to open every case of beer received for distribution and test every cardboard carrier for latent defects. Therefore, I hold that the general rule as applied in *Simmons v. Richardson Variety Stores* is applicable in the case at bar, and that Park's motion must be granted.

Motion for summary judgment in favor of defendant Gretz is granted. Motion under 12(b) (6), treated herein as a motion for summary judgment, in favor of defendant Park, is granted.

On presentation, Order, in conformity with this decision, will be entered.