MORRIS KROSS, Respondent, v. KELSEY HAYES COMPANY, Appellant.— AULISI, J. Appeal from a judgment of the Supreme Court entered July 28, 1966, in Sullivan County, upon a verdict rendered at a Trial Term in favor of plaintiff. In this action for breach of warranty and negligence, appellant urges that plaintiff failed to prove either and that plaintiff was contributorily negligent as a matter of law. The record before us discloses evidence that while plaintiff was using a pair of "fence pliers" manufactured by defendant and purchased by plaintiff July, 1961, to remove staples holding barbed wire to fence poles, a steel chip from the head of the pliers chipped off and became imbedded in his finger; that plaintiff's use of the tool was in the ordinary and customary manner; that no instructions or warnings were given by defendant to users of the pliers; that administration of a Rockwell Hardness test to the pliers in question demonstrated that they fell outside the allowable tolerance for brittleness in the Federal specifications for this type of pliers; and that of the more than 150,000 such pliers manufactured by defendant between 1957 and 1963, only seven of them were laboratory tested. There was a duty on the defendant to use reasonable care in the manufacture of the pliers. Reasonable care consists, among other things, in making such inspections and tests during the course of manufacture and after the article is completed as the manufacturer should recognize as reasonably necessary to secure production of a safe article (*Smith* v. *Peerless Glass Co.*, 259 N. Y. 292, 296; *Hoenig* v. *Central Stamping Co.*, 247 App. Div. 895, affd. 273 N. Y. 485; *Whiting* v. *Chesebro-Whitman Co.*, 264 App. Div. 935). It is our opinion that the evidence presented is sufficient to support the verdict either on the theory that the design of the pliers was defective or that this particular pair was defective. We do not agree with appellant's argument that plaintiff was guilty of contributory negligence as a matter of law. The testimony as to the proper use of the pliers was conflicting. Plaintiff, a farmer all his life, was familiar with the pliers and how to use them. His expert witness stated that the use to which plaintiff put the pliers was ordinary and customary. Defendant's expert engineer stated that the tool was not designed to be struck on the head with a hammer, but he stated that it could be so designed. Ordinarily, the question as to contributory negligence is one for the jury in actions to recover from manufacturers on the ground of negligence (*O'Connell* v. *Westinghouse X-Ray Co.*, 288 N. Y. 486; *Pearlman* v. *Garrod Shoe Co.*, 276 N. Y. 172). Upon the evidence here a question of fact was created and the issue of plaintiff's contributory negligence was properly presented to the jury (*Wheeler* v. *Orciuoli*, 18 A D 2d 1039). The verdict was warranted as respects both causes of action. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Aulisi, J.