**Audrey M. KATES and WIllls E. Kates, her husband, Plaintiffs,**

**v.**

**PEPSI COLA BOTTLING COMPANY OF SALISBURY, MARYLAND, Inc., a foreign corporation, Defendant.**

**FOOD FAIR STORES CORPORATION, Inc., a Delaware corporation, Defendant and Third-Party Plaintiff,**

**v.**

**The PEPSI–COLA–CANADA DRY DISTRIBUTING COMPANY, a corporation of the State of Delaware, Third-Party Defendant.**

Superior Court of Delaware, Kent.

Feb. 24, 1970.

John B. Maybee, Dover, for plaintiffs.

F. Alton Tybout and Morton Richard Kimmel, of Tybout & Redfearn, Wilmington, for Food Fair Stores Corporation, Inc.

William J. Alsentzer, Jr., Wilmington, for Pepsi Cola Bottling Co. and Pepsi-Cola-Canada Dry Distributing Co.

## OPINION

STOREY, Judge.

This is an action for damages resulting from injuries sustained by plaintiff from a bottle of Pepsi-Cola which shattered after falling through the bottom of a Pepsi-Cola carton. The incident occurred prior to plaintiff's exiting defendant Food Fair's store from which she had purchased the carton of Pepsi. The carton had been sold to Food Fair by defendant Pepsi-Cola Bottling Co. and delivered by defendant Pepsi-Cola-Canada Dry Distributing Co. Plaintiff's action initially was against Food Fair and Pepsi-Cola Bottling Co., seeking recovery based upon specific negligence, the doctrine of *res ipsa loquitur*, breach of implied warranty and strict liability. Defendant Food Fair cross-claimed against defendant Pepsi-Cola Bottling Co., alleging negligence and breach of implied warranty, and filed a third party complaint against Pepsi-Canada Dry, alleging negligence only. Thereafter plaintiff impleaded Pepsi-Canada Dry as a party defendant. Defendants Pepsi-Cola Bottling Co. and Pepsi-Cola Canada Dry Distributing Co. have moved for summary judgment against plaintiff and defendant Food Fair as to all theories of liability. The parties have stipulated that for purposes of the negligence allegations, the two Pepsi companies are to be treated as one.

The facts, necessarily stated in the light most favorable to plaintiff and defendant Food Fair, reveal that the offending carton was one of several delivered to Food Fair and placed in a Pepsi display case in the Food Fair store by a Pepsi driver-employee sometime between 7:00 and 10:00 A. M. on November 23, 1965. Except for a Food Fair clerk who assisted the Pepsi driver in transporting the Pepsi-Colas from the truck and placing them in the display case, there is no evidence of handling of the subject carton until the plaintiff picked it up at approximately 4:30 P.M. of the same day. After picking up the carton, plaintiff placed it in her cart, proceeded to the checkout counter, paid for it without incident or unusual handling of the carton, and was on her way towards the store exit when the incident occurred. The offending carton appeared to have been reused numerous times, and upon inspection following the incident, was found to have come unglued at the bottom. Such reused cartons were given a 3–5 second visual inspection at Pepsi-Cola Bottling Co.'s plant prior to release.

The issues pertaining to the motions against plaintiff are whether an ultimate purchaser of a defective soft drink carton may recover damages caused by the defective carton from an original seller of the carton on a negligence, *res ipsa loquitur*, breach of warranty and/or strict liability theory, where the carton was purchased from some one other than that original seller.

The issue pertaining to the motions against Food Fair is whether a retail grocer who has sold soft drinks contained in what immediately after the sale is shown to be a defective carton, may recover on a warranty and/or negligence theory from the bottler and/or the distributor of the carton, where the carton was delivered to the grocer the day of the sale and no one but the purchaser handled the carton prior to the incident?

As a general rule, a seller is not liable to third parties who have no con-

tractual relations with him for negligence in the construction or sale of articles he handles. Gorman v. Murphy Diesel Co., 3 Terry 149, 29 A.2d 145, 147 (Del.Super. 1942). There is an exception to this general rule where the article is one known to the seller to be imminently dangerous to life and limb or likely to become so when put to its intended use if constructed defectively. Gorman v. Murphy Diesel Co., *supra* at 147; Hartford Accident & Indemnity Co. v. Anchor Hocking Glass Corporation, 5 Terry 39, 55 A.2d 148, 150 (Del. Super.1947); see also Behringer v. William Gretz Brewing Co., 3 Storey 365, 169 A.2d 249, 251 (Del.Super.1961). It is clear, however, that a soft drink carton made of cardboard does not fall within this exception. See Behringer v. William Gretz Brewing Co., *supra* at p. 252. (Holding that a cardboard beer carton was not within the exception). Accordingly, plaintiff cannot recover from Pepsi on a negligence or *res ipsa loquitur* theory.

The second question to be resolved is whether plaintiff may recover on a breach of warranty theory from defendant Pepsi notwithstanding a lack of privity of contract between the two. Prior to July 1, 1967, privity of contract was an essential element of an implied warranty case. Ciociola v. Delaware Coca-Cola Bottling Company, 3 Storey 477, 172 A.2d 252 (Del.Sup. 1961); Behringer v. William Gretz Brewing Co., *supra*. As there is no privity between plaintiff and defendant Pepsi, plaintiff cannot recover on an implied warranty theory. This is so regardless of the later enactment of provisions in the Uniform Commercial Code dispensing with the privity requirement in warranty actions, since these provisions do not apply to transactions arising prior to that enactment. 5A Del.Code, Sec. 10–101; Monacelli v. Grimes, 9 Terry 122, 99 A.2d 255, 266 (Del. Sup.1953). (Stating that statutes affecting substantive rights ordinarily apply prospectively only).

Because of the relationship of the respective parties, the contractual relation requirement does not apply between Pepsi and Food Fair with respect to either the negligence or the breach of warranty actions, as it does between Pepsi and plaintiff. Therefore, if under the facts viewed in a light most favorable to Food Fair, the existence of the defect in the carton at the time of delivery to Food Fair and/or the defect's being caused by the negligence of Pepsi are more probable than any one of several other possible explanations for the incident, Pepsi's motions as to Food Fair must fail. Howard v. Food Fair Stores, New Castle, Inc., 201 A.2d 638, 640 (Supreme Ct.Del.1964), (Providing that to be entitled to summary judgment, the moving party must prove facts precluding a conclusion of negligence on his part); Phillips v. Delaware Power & Light Company, 216 A.2d 281, 284 (Supreme Ct.Del. 1966), (Providing that summary judgment should be granted where mere possibility of incident being caused by negligence of moving party). Considering the facts of this case in a light most favorable to Food Fair, it appears reasonable and probable to this Court that the container involved was already defective when delivered to Food Fair. See James v. Childs, Division of Kroger Company, 166 So.2d 77, 80 (La. App.1964); *Cf.* Ciociola v. Delaware Coca-Cola Bottling Co., *supra*, (Involving a broken bottle rather than a reused carton); Skipper v. Royal Crown Bottling Company of Wilmington, Inc., 192 A.2d 910 (Supreme Ct.Del.1963), (involving the manner in which cartons were stacked). (In both *Ciociola* and *Skipper* explanations for the incident other than the defendant's negligence were equally possible). Accordingly, Pepsi's respective summary judgment motions pertaining to the negligence and breach of warranty allegations of Food Fair, should be denied.

Finally is the question of whether plaintiff may recover on a strict liability theory. Strict liability is recognized re-

gardless of lack of privity as a basis for holding original sellers responsible for damages caused by a product in a defective condition unreasonably dangerous to the user or consumer. 2 Restatement of Torts 2nd, Sec. 402A. The short answer to this question is that if a defective soft drink carton is not imminently dangerous, (Behringer v. William Gretz Brewing Co., supra 252), it logically could not be said to be unreasonably dangerous to a user or consumer. Accordingly, strict liability has no application to the instant case.

In accordance with the above opinion, defendants' respective motions for summary judgment as to all counts in plaintiff's complaint are hereby granted and as to all counts in defendant Food Fair's crossclaim and third party complaint, are hereby denied.

It is so ordered.