**Al O. PLANT, Plaintiff,**

**v.**

**CATALYTIC CONSTRUCTION COMPANY, a *corporation of the* State of Delaware, and Local Union 199, Laborers' International Union of North America, Defendants.**

Superior Court of Delaware, New Castle.

Jan. 11, 1972.

---

Jacob Kreshtool, Wilmington, for plaintiff.

David A. Drexler, Wilmington, for defendant Catalytic Construction Co.

Harvey B. Rubenstein, Wilmington, for defendant Local Union 199.

## OPINION

MESSICK, Judge.

Al O. Plant (Plaintiff) was employed by Catalytic Construction Company (Defendant) as a laborer-tool room attendant at its Avisun-New Castle, Delaware, construction site. During this period the plaintiff was a member of Local Union 199, Laborers' International Union of North America (Defendant). The terms and conditions of plaintiff's employment were governed by a collective bargaining agreement between Allied Construction Industries of Delaware, Inc. a multi-employer group to which Catalytic is a signatory, and the Union.

On December 30, 1969, plaintiff was discharged by Catalytic Construction Company. Plaintiff alleges against Catalytic that at the time of his discharge he had not been compensated for hours on December 13, December 16, and December 17, 1969, for which he was entitled pay. Plaintiff also alleges that in accordance with Article 7 of the bargaining contract, Catalytic is

required to pay him his hourly rate for all hours from the time of his discharge until the time when he has been paid in full. Against Local 199, Laborers' International Union of North America, plaintiff alleges that the Union breached its duty to fairly represent him in his dispute over pay with *Catalytic*, and demands judgment for unpaid wages at the time of discharge plus his hourly rate for every hour from the time of his discharge until he receives full pay.

Defendant Catalytic has moved for summary judgment in accordance with Rule 56(b) of the Superior Court Rules of Civil Procedure, Del.C.Ann., on the ground that the action is barred by the Statute of Limitations (10 Del.C. § 8110). To obtain summary judgment, the pleadings and affidavits must show that there is no genuine issue of material fact and that defendant is entitled to judgment as a matter of law. Matas v. Green, 3 Storey 473, 171 A.2d 916 (Del.Super.Ct.1961); Adams v. Kline, 239 A.2d 230 (Del.Super.Ct.1968). In ruling on a motion for summary judgment, uncontroverted statements in an affidavit are required to be accepted as true. Behringer v. William Gretz Brewing Co., 3 Storey 365, 169 A.2d 249 (Del.Super.Ct.1961); Frank C. Sparks Co. v. Huber Baking Co., 9 Terry 9, 96 A.2d 456 (Del.Sup.Ct.1953). If there is any evidence supporting a favorable conclusion to the non-moving party, stating facts in the light most favorable to him, summary judgment must be denied. Wilson v. Tweed, 209 A.2d 899 (Del.Sup. Ct.1965); Continental Oil Company v. Pauley Petroleum, Inc., 251 A.2d 824 (Del. Sup.Ct.1969).

10 Del.C. § 8110 provides:

"No action for recovery upon a claim for wages, salary or overtime for work, labor or personal services performed, or for damages (actual, compensatory or punitive, liquidated or otherwise), or for interest or penalties resulting from the failure to pay any such claim, or for any other benefits arising from such work,

labor or personal services performed or in connection with any such action, shall be brought after the expiration of 1 year from the accruing of the cause of action on which such action is based."

In Keller v. President, Directors and Company of Farmers Bank of State of Delaware, 2 Terry 471, 24 A.2d 539 (Del. Super.Ct.1942), it was established that "Statutes of Limitation begin to run (in Delaware) when proper parties are in existence capable of suing and being sued, and a cause of action exists capable of being sued on forthwith." The pay days relating to the pay periods for which pay is being claimed by the plaintiff are December 19 and December 26, 1969. (McIntire Affidavit). The defendant asserts that when plaintiff did not receive pay on those pay days, he had actual notice that Catalytic did not intend to pay him and could have brought suit forthwith. Since the plaintiff did not bring suit until December 30, 1970, more than one year after both payment dates, defendant maintains that plaintiff's action is barred by 10 Del.C. § 8110.

The collective bargaining agreement upon which plaintiff's claim is based deals explicitly with the procedure for settling disputes between Catalytic and a union member. Article 15 of the contract provides:

"All disputes . . . of any nature whatsoever that may arise between the employer hereof or his members, and the Union hereof or its members, first shall be referred to the Business Manager for the Laborers' International Unions Local 199 or Local 847 and the Manager of the Allied Construction Industries of Delaware, Inc., for joint settlement within the provisions of this agreement. Should the Business Manager or his representative for the Laborers' International Union of North America Local 199 and the Manager of the Allied Construction Industries of Delaware, Inc.

fail to settle the issue or issues, shall be referred to the Joint Arbitration Board."

■ In his affidavit of April 19, 1971, plaintiff asserts that in September, 1969, a similar dispute over his pay was settled "after conferences between union and management." In his affidavit of June 8, 1971, plaintiff further asserts that at the time of his discharge on December 30, 1969, he spoke with Catalytic's general foreman and the Union's shop steward concerning pay owed him. Plaintiff asserts that at that time he was referred to the Business Manager for Local 199. (These sworn statements are uncontroverted). Since the plaintiff's claim is based upon breach of the collective bargaining agreement, the parties are bound by terms of the agreement which govern the manner in which contractual rights may be enforced. As Article 15 refers to "All disputes . . . of any nature whatsoever", as long as the plaintiff was employed by Catalytic, a dispute over pay, as indicated by plaintiff's affidavits, would be referred to the Business Manager of the Laborers' International Union of North America, Local 199, and the Manager of the Allied Construction Industries of Delaware, Inc. for settlement. If the plaintiff had resorted to the courts while he was still employed on December 19 or December 26, 1969, the pay days for the periods on which pay is being claimed, Catalytic could have defended on the ground that the remedy provided in the collective bargaining agreement had not been exhausted. It was not until the plaintiff was discharged by Catalytic, therefore, that the proper parties could be in existence capable of suing and being sued or that a cause of action could exist capable of being sued on forthwith. As the plaintiff brought suit on December 30, 1970, within one year of his discharge, his cause of action is not barred by 10 Del.C. § 8110.

The defendant union has moved to dismiss the action against it under the Superior Court Rules of Civil Procedure, Rule 12(b) (1), for lack of jurisdiction over the subject matter, and Rule 12(b) (6), for failure to state a claim upon which relief can be granted.

■ In Section 301 of the Taft-Hartley Act (Labor Management Relations Act of 1947), Congress authorized federal courts to exercise jurisdiction over suits brought to enforce collective bargaining agreements. In Charles Dowd Box Co., Inc. v. Courtney, 368 U.S. 502, 82 S.Ct. 519, 7 L. Ed.2d 483 (1962), the United States Supreme Court established that state courts retain concurrent jurisdiction to adjudicate such claims. The Supreme Court further held in Humphrey v. Moore, 375 U.S. 335, 84 S.Ct. 363, 11 L.Ed.2d 370 (1964), that individual employees may bring suit in state courts to protect rights conferred upon them by a collective bargaining agreement by seeking redress from their union where it has breached its duty to fairly represent them. Plaintiff's cause of action being for the Union's breach of its contractual duty to fairly represent him, there is no doubt that this Court has jurisdiction to hear this case.

■ The defendant Union contends, however, that even if the Court has jurisdiction over the subject matter, the action should be dismissed as plaintiff has failed to state a claim upon which relief can be granted. (Superior Court Rules of Civil Procedure, Rule 12(b) (6). The union cites Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), and Amalgamated Association of Street, Electric Railway and Motor Coach Employees of America, etc. v. Lockridge, 403 U.S. 274, 91 S.Ct. 1909, 29 L.Ed.2d 473, to support the proposition that in order to make out a claim that the Union breached its duty of fair representation, the plaintiff must prove "arbitrary or bad-faith conduct on the part of the Union." Vaca v. Sipes, *supra*, 386 U.S. at 193, 87 S.Ct. at 918. The burden of proof which the plaintiff must

sustain at trial, however, is not required to support a complaint. A complaint will not be dismissed for failure to state a claim unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the plaintiff be entitled to relief. Vagueness or lack of detail in the pleaded claim are not sufficient grounds alone to dismiss a complaint for failure to state a claim. Morgan v. Wells, 32 Del.Ch. 108, 80 A.2d 504 (1951); Diamond State Telephone Company v. University of Delaware, 269 A.2d 52 (Del.Sup.Ct.1970).

For the purposes of a motion to dismiss for failure to state a claim, all allegations in the complaint must be accepted as true. Barni v. Kutner, 6 Terry 550, 76 A.2d 801 (Del.Super.Ct.1950). In paragraph 7 of the Complaint the plaintiff alleges that "Local 199 breached its duty, contractual and otherwise, to fairly represent the plaintiff in said dispute concerning payment in full, and moreover frustrated plaintiff's attempts to enforce said contract." It has been established that the plaintiff may bring suit in this Court to protect rights conferred upon him by the collective bargaining contract. Accepting plaintiff's allegations as true, by alleging that the Union breached its contractual duty to fairly represent him, the complaint contains the required general notice to the defendant of the nature of the claim that is being asserted against it. Pfeifer v. Johnson Motor Lines, Inc., 8 Terry 191, 89 A.2d 154 (Del.Super.Ct.1952); Diamond State Telephone Company v. University of Delaware, *supra*.

Defendant Catalytic Construction Company's motion for summary judgment is denied.

Defendant Local Union 199, Laborers' International Union of North Amercia's motion to dismiss is denied.

It is so ordered.