# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JABARI BEEKS,                          )
                                       )
              Petitioner,              )
                                       )
       v.                              )     C.A. No. N21M-03-099 DCS
                                       )
KATHLEEN JENNINGS,                     )
                                       )
              Defendant.               )

Submitted: April 19, 2021
Decided: June 8, 2021

## ORDER

This 8th day of June, 2021, upon consideration of Petitioner's Petition for a Writ of Mandamus and Defendant's Motion to Dismiss Petitioner's Writ of Mandamus,

NOW, THEREFORE, **IT IS ORDERED** that the Petition for a Writ of Mandamus is **DENIED** and the Motion to Dismiss is **GRANTED**.

It appears that:

1.     On March 18, 2021, Jabari Beeks ("Petitioner" or "Beeks"), an inmate serving a Level 5 sentence at James T. Vaughn Correctional Center ("JTVCC"), a Department of Corrections ("DOC") facility, filed a *pro se* petition seeking a Writ

of Mandamus pursuant to 10 *Del. C.* § 564.[1]  Petitioner's allegations arise out of his concern of potentially contracting the COVID-19 virus.  Petitioner seeks to compel the DOC to remove him from Level 5 incarceration and release him to a lower supervision of custody "to avert his inevitable COVID-19 infection."[2]

2.      Petitioner is seeking a writ of mandamus to correct an alleged violation of his constitutional rights, specifically his Eighth Amendment right to be free from cruel and unusual punishment.  Petitioner claims that the potential for him to contract COVID-19 while housed at JTVCC constitutes deliberate indifference of a serious medical need, which violates his Eighth Amendment rights.[3]

3.      Petitioner asserts that relief under the Eighth Amendment is available to him, even though he is not currently infected by and/or suffering from COVID-19, because prison officials are ignoring a condition of confinement that is sure or

---

[1] That section provides, in pertinent part, that "if the Court orders that the plaintiff is entitled to the relief prayed for or any part thereof, a peremptory writ of mandamus shall issue forthwith . . . ." 10 *Del. C.* § 564; "10 *Del. C.* § 564 provides for the issuance of a writ of mandamus.  A writ of mandamus is an extraordinary remedy, which this Court will not issue unless plaintiff establishes a "clear right" to the performance of a duty, and that no other adequate remedy is available." *Gattis v. Danberg*, 2009 W 752680, at *1 (Del. Super. Mar. 19, 2009) (citations omitted).

[2] Writ of Mandamus at ¶21.

[3] Specifically, Petitioner claims that "prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health[]'" and that the "conditions of confinement are such that the Court's conscience should be shocked, because the deprivation of proper treatment is 'sufficiently serious' and a subjective element, that prison officials have a 'sufficiently culpable state of mine,' such as that of deliberate indifference to the detainee's health or safety.'"  Writ of Mandamus at ¶¶ 10-11 (citing *Farmer v. Brennan*, 511 U.S. 825, 843 (1994)).

very likely to cause serious illness.[4] Petitioner also requests a hearing to address his allegations that the current conditions at JTVCC may violate the "sufficiently serious" prong of the Eighth Amendment.[5,6]

4. On April 19, 2021, Defendant filed a Motion to Dismiss Petitioner's Writ of Mandamus for failure to state a claim upon which relief can be granted.[7] The Court must determine if Petitioner has a viable cause of action.[8] A Petitioner's claim may not be dismissed "unless it appears to a certainty that under no set of facts which could be proved to support the claim asserted would the [petitioner] be entitled to relief."[9] When applying this standard, the Court will accept all well-pleaded allegations as true.[10] The Court will draw reasonable inferences in a light most

---

[4] Writ of Mandamus at ¶¶13, 16.

[5] Writ of Mandamus at ¶13.

[6] Furthermore, Petitioner has not established any personal medical need that is being intentionally disregarded. Although "The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care," Petitioner has not shown that DOC has deliberately and indifferently provided inadequate medical care.

[7] "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: [. . .] (6) failure to state a claim upon which relief can be granted . . . ." Del. Super. R. Civ. P. 12(b)6.

[8] *Proctor v. Taylor*, 2006 WL 1520085, at *1 (Del. Super. Jan. 18, 2006).

[9] *Plant v. Catalytic Constr. Co.*, 287 A.2d 682, 686 (Del. Super. 1972).

[10] *Spence v. Funk*, 396 A.2d 967, 968 (Del. 1978).

favorable to the non-moving party.[11] If Petitioner may recover, the Court must deny the Motion to Dismiss.[12]

5.      It is settled law that the issuance of a writ of mandamus is not a right but is a matter of judicial discretion.[13] The writ is extraordinary and appropriate only when a plaintiff is able to establish a clear legal right to the performance of a non-discretionary duty.[14]  It is a remedial writ to enforce the performance of legal duties.[15] A petitioner is not entitled to a writ of mandamus if the right asserted is doubtful, the duty is discretionary, the power to perform the duty is wanting or inadequate, or if there is any other specific and adequate legal remedy.[16]  As such, the petitioner must establish a clear right to the requested relief.[17]  Furthermore, Delaware courts are reluctant to review and supervise the administration of prisons and will usually defer to the discretion of the legislative and executive branches in

---

[11] *In re Gen. Motors (Hughes) S'holder Litig.,* 897 A.2d 162, 168 (Del. 2006).

[12] *Id.*

[13] *Washington v. Dep't of Correction*, 2006 WL 1579773, at *2 (Del. Super. May 31, 2006). *See also Shah v. Coupe,* 2014 WL 5712617, at *1 (Del. Super. Nov. 3, 2014).

[14] *Darby v. New Castle Gunning Bedford Educ. Ass'n*, 336 A.2d 209, 210 (Del. 1975).

[15] *Mell v. New Castle Cnty*, 835 A.2d 141, 145 (Del. Super. 2003).

[16] *Joyner v. Family Court – New Castle Cnty*, 2011 WL 2038777, at *1 (Del. Super. May 28, 2011).

[17] *Id.*

the execution of prison policies unless there is a Constitutional or statutory violation.[18]

6.     Thus, in this case, Petitioner must show that (1) he is entitled to be released from JTVCC; (2) a writ of mandamus is the only adequate remedy available; and (3) DOC has arbitrarily failed or refused to perform that duty.[19]

7.     Petitioner has not shown that no other adequate remedy is available. The remedy for a violation of constitutional rights is not through the issuance of a writ of mandamus by this Court.[20]  Petitioner's proper remedy is through a 42 U.S.C. § 1983 action in the United States District Court.

8.     Moreover, Petitioner's claim that contracting COVID-19 is an inevitability does not entitle him to be released from prison.[21]  Petitioner asserts that

---

[18] *Ross v. Dep't of Correction*, 722 A. 2d 815, 820 (Del. Super. 1998).

[19] *See Allen v. Coupe*, 2016 WL 676041, at *2 (Del. Super. Feb. 18, 2016) (quoting *Nicholson v. Taylor*, 2005 WL 2475736, at *2 (Del. Aug. 23, 2005)).

[20] *Washington*, 2006 WL 1579773, at *2.

[21] Petitioner must allege: (1) a serious medical need; and (2) acts or omissions by prison officials that indicate a deliberate indifference to that need." *Id* (citations omitted); *White v. Napoleon*, 897 F.2d 103, 109 (3d Cir. 1990).  "[D]eliberate indifference requires a showing that the official acted willfully or with a subjective recklessness." *Davis v. Carroll*, 390 F. Supp. 2d 415, 419 (D. Del. 2005) (citation omitted); *Farmer v. Brennan*, 511 U.S. 825, 842 (1994).   Petitioner must show that prison officials were "aware of facts from which the inference could be drawn that a substantial risk of harm exists [to Petitioner], and that they also drew that inference." *Parkell v. Danberg*, 833 F.3d 313, 335 (3d Cir. 2016) (internal quotation omitted).  Petitioner has not established that he has a serious medical need or that DOC prison officials acted with deliberate indifference to that alleged need. *State v. Desmond*, 2020 WL 7630768, at *2 (Del. Super. Oct. 21, 2020) (citation omitted). Moreover, the Court defers to DOC discretion concerning prison policy and administration of those policies. *Laub v. Danberg*, 2009 WL 1152167, at *3 (Del. Super. Mar. 4, 2009).

inmates are generally unable to maintain sanitary living conditions while housed at Level 5. He posits that communal and shared spaces in prison "make social distancing-which the [Center for Disease Control] considers the single most effective measure in preventing the spread of COVID-19 – extremely difficult, if not impossible."[22]

9. The DOC has undergone various efforts and steps to prevent and minimize the spread of COVID-19 within the correctional institutions since the inception of the pandemic.[23] Over the last year, this Court has repeatedly denied motions that simply invoke the COVID-19 pandemic and make general accusations of prison overcrowding and unsafe housing conditions that do not allow for social distancing.[24]

---

[22] Writ of Mandamus at ¶6.

[23] *State v. Rosas*, 2021 WL 928160, at *3 (Del. Super. Mar. 10, 2021).

[24] *Cf.*, *State v. Smith*, 2021 WL 416394, at *3 n.20 ("While the Delaware Courts share great concern over the ongoing pandemic and its known and potential effects, we uniformly afford little weight to inmates' generalized invocation of COVID-19 as a factor toward sentence reduction under Rule 35(b)."); *State v. Colburn*, 2020 WL 3882560, at *1-2 (Del. Super. July 8, 2020) ("[M]ere incantation of COVID-19 as a ubiquitous 'health and economic [c]risis'" and "suggestion of 'prison over crowding [sic] and unsafe housing conditions that [don't] allow social distancing'" inadequate to establish "extraordinary circumstances."); *State v. Roberts*, 2020 WL 3063957, at *2 (Del. Super. June 8, 2020) ("generalized suggestion" of inmate's "underlying (but unidentified) health conditions" and "his statement of anxiety" over COVID-19 do not establish "extraordinary circumstances" under Rule 35(b)); *State v. Bednash*, 2020 WL 2917305, at *2 (Del. Super. June 3, 2020) (finding inmate's summary allegations of his medical conditions and vulnerability to COVID-19 do not establish "extraordinary circumstances" warranting a reduction or modification of his sentence under Rule 35(b)); *State v. Baker*, 2020 WL 2789703, at *1 (Del. Super. May 29, 2020) (inmate's mere suggestion of "his potential exposure to COVID-19 . . . has not set forth facts establishing 'extraordinary circumstances'").

10.     Here, Petitioner has failed to state a claim upon which relief can be granted.  Petitioner has not shown that no other adequate legal remedy exists for the alleged violation of his constitutional rights by the failure to perform a non-discretionary legal duty.  Petitioner's Petition for a Writ of Mandamus must be denied.  Petitioner's request for a hearing is therefore rendered moot.

Accordingly, Petitioner's Petition for a Writ of Mandamus is **DENIED** and Defendant's Motion to Dismiss Petitioner's Writ of Mandamus is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Diane Clarke Streett*
Diane Clarke Streett, Judge

Original to Prothonotary

cc:     Anna E. Currier, Esquire, Deputy Attorney General
        Jabari Beeks, Petitioner
        ISO

7