In re: ASBESTOS LITIGATION

Ralph F. Colgain, Jr., Plaintiff
Below, Appellant,

v.

Oy Partek Ab, Defendant
Below, Appellee.

No. 359, 2001.

Supreme Court of Delaware.

Submitted: May 6, 2002.
Decided: May 22, 2002.

Thomas C. Crumplar (argued) of Jacobs & Crumplar, Wilmington, Delaware, and David Alexander Arndt of Doroshow, Pasquale, Krawitz, Siegel & Bhaya, Dover, Delaware, for appellant.

Felice Glennon Kerr of The Bayard Firm, Wilmington, Delaware and Michael Evan Jaffe (argued) admitted Pro Hac Vice, for appellee.

Before VEASEY, Chief Justice, HOLLAND and STEELE, Justices.

PER CURIAM.

▮ In July 2001, a Superior Court judge granted Summary Judgment to Appellee, defendant-below, Oy–Partek Ab, on the products liability claims of Appellant, plaintiff-below, Ralph Colgain. The Superior Court judge found that Colgain presented insufficient evidence to establish that Partek's predecessor in interest, Finska Mineral, had the requisite actual or constructive knowledge of the hazards associated with asbestos between 1938 and 1941. In the absence of at least a *prima facie* case establishing that knowledge, Finska Mineral had no duty to warn of the potential dangers arising from asbestos use. This is Colgain's direct appeal from that Summary Judgment. We agree with the trial judge's conclusion that Colgain presented insufficient evidence to establish, even at the Summary Judgment stage, that Finska Mineral had sufficient knowledge of asbestos danger to impose a duty to warn. Therefore, we affirm the judgment of the Superior Court.

Colgain filed suit in April 1998 claiming that he developed asbestos-related pleural disease and pulmonary asbestosis as a result of varying exposures to asbestos. The only claim relevant to this appeal is his alleged exposure to anthophyllite asbestos mined in Finland by Finska Mineral. A predecessor corporation of Partek acquired Finska Mineral in 1959.

▮ When confronted with a Motion for Summary Judgment, the party bearing the burden of proof at trial must submit sufficient evidence to establish a *prima facie* case for each essential element of the claim in question.[1] Among the essential elements that a plaintiff must prove in a negligence-based products liability case is that the defendant had a duty to warn of dangers associated with its product.[2] At issue in this appeal is whether, after giving Colgain the benefit of all facts and reasonable inferences derived therefrom, he presented sufficient evidence to establish that Partek indeed had a duty to warn the employees of the Continental Diamond Fibre Company's Haveg plant in Marshalltown, Delaware of the potential dangers of exposure to its asbestos product. The manufacturer's duty to warn is dependant on whether it had knowledge of the hazards associated with its product. Colgain, however, does not need to present evidence that Finska Mineral had actual knowledge of those dangers. It is enough that he merely establish that the manufacturer should have known of them.[3] In turn, what knowledge a defendant should

---

1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

2. *See, e.g., In re Asbestos Litigation (Mergenthaler)*, 542 A.2d 1205, 1208 (Del.Super.Ct.1986) (acknowledging a duty to warn of a dangerous product in discussion of "knowledgeable purchaser" defense); *Threadgill v. Manville Corp. Asbestos Disease Comp. Fund*, D. Del., No. 88–161–JRR, 1990 WL

294271 at *1 (July 27, 1990), *rev'd on other grounds*, 928 F.2d 1366 (3d Cir.1991) ("Under Delaware law, a plaintiff seeking to recover for asbestos related injuries must show as part of his prima facia [sic] case a duty to warn on the part of the defendant...").

3. *Graham v. Pittsburgh Corning Corp.*, 593 A.2d 567, 568 (Del.Super.Ct.1990).

have had is a function of what a reasonably prudent individual would have known under the pertinent circumstances at the time in question.[4]

Before the Superior Court, Colgain relied principally on the testimony of Dr. Barry I. Castleman, a well-recognized expert in the field of asbestos research, to show that Finska Mineral had the requisite knowledge of the health risks associated with asbestos products. Dr. Castleman opined that the Finnish scientific and manufacturing community did indeed have, at the very least, constructive knowledge of those dangers from 1938 to 1941. The evidence he cites as the basis for that opinion, however, can only give rise to *speculation* that Finska Mineral should have had this knowledge. Our courts have held that an expert opinion based on speculation alone can not defeat a motion for summary judgment.[5] Although the literature that served as the foundation for Castleman's opinion indicates that some countries were aware of the dangers of asbestos in the 1930's, none of Colgain's evidence indicates that this information was actually available in either the Finnish manufacturing or scientific community. As stated by the trial judge:

> Plaintiff's evidence that Finska Mineral should have known of the risk is insufficient. It consists mainly [of] scientific or other technical articles regarding emerging knowledge of the hazards of asbestos none of which were published in Finland and the record is devoid of information showing that such information was actually available to Finska Mineral.[6]

The record before us fully supports the trial judge's finding and his reasoning.

Colgain also has advanced the theory that Partek must be held to the same standard of knowledge that was available to asbestos manufacturers in the United States. This argument rests on the premise that the standard of knowledge for manufacturers in the United States is imputed to foreign manufacturers who market their products in this country.[7] In this instance Colgain maintains that the presence of asbestos mined by Finska Mineral at the Haveg plant in Delaware sufficiently establishes the business link that would impute the information on the risks of asbestos available in the United States to the Finnish company.

This Court asked the parties to provide supplemental briefing referencing any evidence in the record that specifically establishes that Finska Mineral had *direct* ties to Haveg or the United States from 1938 to 1941. Colgain cited several instances including testimony that one Haveg employee regularly calculated conversions to Finnish currency and testimony relating second-hand accounts that the asbestos at the Haveg plant was from the Finska Mineral mines. Partek disputes whether certain of this evidence, including transcripts of testimony taken in related cases, is actually a part of the record in this appeal. We need not determine that issue. Similarly, we are not required to determine whether the *Navarro* standard urged on us by Colgain is consistent with or properly applied to Delaware's reasonable person standard for knowledge. Even if we were to accept not only Colgain's facts, but the *Navarro* standard as well, Colgain's prof-

---

4. *Id.* at 571.

5. *Lynch v. Athey Prods. Corp.*, 505 A.2d 42, 45 (Del.Super.Ct.1985).

6. *Colgain v. A.C. and S, Inc.*, Del.Super., C.A. No. 98C–04–122, Babiarz, J., let. order (July 2, 2001).

7. *Navarro v. Fuji Heavy Indus., Ltd.*, 117 F.3d 1027, 1029 (7th Cir.1997).

fered evidence in response to our request is insufficient to establish that Finska Mineral had direct business ties to the United States. To decide otherwise would require us to engage in the same rampant speculation that impermissibly formed the basis of Dr. Castleman's opinion, *supra.*

### Conclusion

The judgment of the Superior Court is AFFIRMED.