**SUPERIOR COURT
OF THE
STATE OF DELAWARE**

**ROBERT H. ROBINSON, JR.**
**JUDGE**

**Sussex County Courthouse
1 The Circle, Suite 2
Georgetown, DE 19947
Telephone: (302) 856-5264**

Submitted: May 22, 2023
Decided: August 17, 2023

Blake W. Carey, Esquire
The Smith Firm, LLC
323D Rehoboth Avenue
Rehoboth Beach, DE 19971
Attorney for Plaintiff

Nancy Chrissinger Cobb, Esquire
Cobb & Logullo
Three Mill Road, Suite 301
Wilmington, DE 19806
Attorney for Defendant Bear Trap
Spirits, Inc.

Luciana M. Parker, Esquire
Marissa D. White, Esquire
Law Offices of Wade A. Adams, III
Christiana Executive Campus
111 Continental Drive, Suite 309
Newark, DE 19713
Attorneys for Defendant Ice House
America, LLC d/b/a Twice the Ice Ice
House America, LLC

Re:  *Ruth Salinardo v. Bear Trap Spirits, Inc. t/a Banks Wines & Spirits; Ice House America, LLC d/b/a Twice the Ice Ice House America*
C.A. No.: S21C-06-021 RHR

Dear Counsel:

Defendants Ice House America, LLC and Bear Trap Spirits, Inc. have filed motions for summary judgment. For the following reasons, Ice House America, LLC's motion is DENIED and Bear Trap Spirits, Inc.'s motion is GRANTED.

## BACKGROUND

Plaintiff, Ruth Salinardo ("Salinardo"), was injured on June 23, 2019, when she purchased a bag of ice from a free-standing vending machine manufactured by Ice House America, LLC d/b/a Twice the Ice Ice[1] House America ("IHA"). The vending machine was in a parking lot near a liquor store owned by Bear Trap Spirits, Inc. t/a Banks Wines & Spirits ("Banks") (collectively, the "Defendants").

When Salinardo and her fiancée, William Foskey ("Foskey"), arrived at the ice vending machine, no one else was present. Salinardo had never used this machine before. She approached the left side of the machine where the ice was dispensed while Foskey approached the right side of the machine where customers paid and placed their orders.

While Foskey was preparing to pay and place the order, Salinardo observed two empty bags on one of the parking bollards located near the vending machine. Salinardo assumed these bags were for customers to collect the ice they purchased because she noticed loose ice at the bottom of the ice machine's chute. Salinardo removed a bag from the bollard, crouched down to the chute with both hands on the bag, and waited for the ice to dispense, while Foskey paid and selected the amount of ice they would like to purchase. Salinardo admits that she never fully read the machine's instructions while Foskey was paying for the ice. No more than a minute

---

[1] This is not a typo. I assume it is a play on the word "twice."

after Foskey made his selection, the vending machine released a bag of ice that slid down the chute and pushed Salinardo's hand into one of the chute's hinges, causing a cut on her hand. The injury required medical attention and Salinardo needed seven stitches to close the open wound.

Salinardo filed this action to recover damages for her injuries.[2] Salinardo's complaint against IHA alleged negligence, strict liability,[3] and breach of implied warranty of merchantability.[4] The complaint also alleged negligence against Banks and MTK Real Estate, LLC,[5] the lessor of the property where Banks and the machine are located.[6] IHA and Banks have filed motions for summary judgment.[7] IHA moves for summary judgment on Counts I (negligence) and III (breach of implied warranty of merchantability) of the Complaint.[8]  Banks moves for summary judgment on Count IV (negligence) of the Complaint.[9]

## THE PARTIES' CONTENTIONS

### A.    IHA's Motion for Summary Judgment

---

[2] Compl. (D.I. 1).
[3] The claim was dismissed by stipulation of the parties on October 14, 2021. Stipulation of Dismissal (D.I. 20).
[4] Compl.
[5] The claim against MTK Real Estate, LLC was dismissed by stipulation of the parties on May 17, 2023. Stipulation to Dismiss Defendant MTK Real Estate, LLC (D.I. 58).
[6] Compl.
[7] Def. Ice House America's Mot. Summ. J. (D.I. 36) (hereinafter "Def. IHA MSJ"); Def. Bear Trap Spirit's Mot. Summ. J. (D.I. 38) (hereinafter "Def. Banks MSJ").
[8] Def. IHA MSJ.
[9] Def. Banks MSJ.

IHA asserts that summary judgment should be granted for the following reasons: i) there is no evidence indicating that any additional warnings or instructions would have prevented her injuries; and ii) Salinardo has not been able to prove that the ice machine was not in a merchantable condition when it was sold.

IHA contends that Salinardo has not established that the machine's design was the direct cause of her injuries or that an alternate warning would have prevented them. Additionally, the ice Salinardo ordered was dispensed in a bag as intended by the machine's design, indicating that the machine functioned properly. Because there is no contradictory evidence on this point, IHA argues that the claim for breach of implied warranty of merchantability should fail. IHA maintains there is a complete lack of evidence supporting Salinardo's claims, warranting summary judgment.

Salinardo asserts that summary judgment is inappropriate because the elements of both her negligence claim and warranty claim have been established and there are unresolved factual disputes suitable for the jury to decide. Salinardo provided an expert witness report that states it was foreseeable that a customer unaccustomed to the use of the machine could expect the machine to dispense loose ice into a bag held by the customer. The expert also opined that added safety or caution warnings were appropriate, and having more distinct instructions would have prevented Salinardo's injuries. Finally, Salinardo argues that, at the time of her motion, discovery was still ongoing and the prima facie elements of her breach of

4

implied warranty of merchantability claim could be further developed through written discovery and deposition testimony. Salinardo never made any subsequent arguments or filed supplemental briefings prior to the close of discovery to address this issue.[10]

### B.    Banks' Motion for Summary Judgment

Banks asserts that summary judgment should be granted because Salinardo has failed to make a sufficient showing to support each element of her negligence claim. Specifically, while Banks acknowledges that it owed a duty to Salinardo, it submits there were no conditions within its control present at the time of her injuries that posed an unreasonable risk of harm.

Banks argues that the area around the ice machine was safe and well maintained, and there was no reason to warn or protect Salinardo from the residual plastic bags that had been left on the parking bollards. Banks also submits that because Salinardo's injury was not reasonably foreseeable, its actions were not the proximate cause of Salinardo's injuries. Banks maintains that the failure to establish each element of the negligence claim supports its motion for summary judgment.

---

[10] Salinardo's Answering Brief in Opposition to Defendant IHA's Motion for Summary Judgment was filed on March 22, 2023. The Discovery Deadline in this case was May 1, 2023. *See* Pretrial Scheduling Order, Feb. 2, 2022 (D.I. 25).

Salinardo asserts that the evidence does establish the elements of her negligence claim under a premises liability theory. First, Salinardo notes that Banks acknowledges it owed her a duty to take practical steps to make its premises reasonably safe. Second, Salinardo asserts that the machine itself presented the unsafe and hazardous condition because of its failure to warn.

Salinardo argues that by allowing the trash to accumulate, coupled with the failure to warn patrons on how to safely operate the machine, Banks breached its duty of care. Salinardo claims that it was foreseeable that a customer unfamiliar with the machine would use the machine as she did, and that Banks should have provided a proper warning. Because whether the machine's warning was confusing and whether the premise was ordinarily safe, clean, and sanitary are questions of fact, Salinardo submits this dispute should be submitted for the jury to decide.

## STANDARD OF REVIEW

When considering a motion for summary judgment, the court's must examine the record to determine whether genuine issues of material fact exist "but not to decide such issues."[11] Summary judgment may be granted only if, when viewing the facts in the light most favorable to the non-moving party, there is no genuine issue of fact and the moving party is entitled to relief as a matter of law.[12] The burden is

---

[11] *Merrill v. Crothall-Am., Inc.*, 606 A.2d 96, 99-100 (Del. 1992).
[12] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); Super. Ct. Civ. R. 56.

on the defendant to provide support negating the plaintiff's claim that material issues of fact exist.[13] If the defendant's motion is supported by such a showing, the burden will shift to a non-moving party to demonstrate that there are material issues of fact.[14]

In order to survive summary judgment, the plaintiff's claim must be supported by more than mere speculation and the court "must decline to draw an inference for the non-moving party if the record is devoid of facts upon which the inference reasonably can be based."[15] "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury reasonably could find for the plaintiff."[16]

## DISCUSSION

### A. The IHA Motion: Negligence and Failure to Warn

Salinardo alleges that her injuries were caused by IHA's negligence, including its failure to provide adequate warning and to design a safer alternative product. Salinardo relies on her expert's opinion that IHA could have eliminated reasonable risks associated with the machine, by modifying the metal support brackets attached to the chute and by providing less confusing directions for the proper operation of

---

[13] *Id.*

[14] *Moore*, 405 A.2d at 680-81 (citing *Hurtt v. Goleburn*, 330 A.2d 134, 135 (Del. 1974)).

[15] *Pazuniak Law Off., LLC v. PI-Net Int'l, Inc.*, 2016 WL 3916281 at *2 (Del. Super. July 7, 2016) (citing *In re Asbestos Litig.*, CIV.A. 01C-11-239, 2007 WL 1651968 at *16 (Del. Super. May 31, 2007) (No inferences can "be based on surmise, speculation, conjecture, or guess, or on imagination or supposition.").

[16] *Smiley v. Taylor*, 2008 WL 5206811, at *2 (Del. Super. Dec. 10, 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

the machine. Salinardo explains that there were feasible alternate designs, such as a door with an interlock in place, that would have eliminated the hazard.

IHA argues that Salinardo has not offered facts necessary to prove that IHA was negligent for failing to provide an adequate warning or for failing to design a safer machine. It argues that the court should not extend liability for every conceivably foreseeable accident where common sense and public policy may conflict with imposing liability.

To establish a claim of negligence, Salinardo must prove the following: i) IHA owed a duty to her; ii) IHA breached its duty of care; iii) she suffered injuries and; iv) IHA's breach was the actual and proximate cause of her injuries.[17] Under Delaware law, "the manufacturer's duty to warn is dependent on whether it had knowledge of the hazards associated with its product."[18] However, actual knowledge is not required to establish the claim.[19] "The determination of what defendant should have known 'is a function of what a reasonably prudent individual would have known under the pertinent circumstances at the time of question.'"[20] Moreover, there is no duty to warn where the user has actual knowledge of the hazard.[21] The plaintiff must be able to show that "if an adequate warning had been given, it would have

---

[17] *Campbell v. DiSabatino*, 947 A.2d 1116, 1117 (Del. 2008).
[18] *In re Asbestos Litig.*, 799 A.2d 1151 (Del. 2002).
[19] *Permint v. Kia Motors America, Inc.*, 2022 WL 2444755, at *4 (Del. Super. July 1, 2022).
[20] *Id.* (quoting *Graham v. Pittsburgh Corning Corp.*, 593 A.2d 567, 568 (Del. Super. 1990).
[21] *Id.*

8

made a difference."[22]

In this case, the machine had pictograms and a sticker with contact information for both Banks and IHA, but these did not provide sufficient warning about the potential dangers associated with using the machine. The lack or inadequacy of a warning could mislead customers to believe that the machine operates in the manner Salinardo assumed. The pictures of the ice machine show that the "instructions"—which are a series of three pictograms with the words "wait," "tear," and "tie"—are confusing and do not offer clear guidance to a reasonable user. Also, there are no instructions or warning signs on or near the chute that would indicate that a ten or twenty pound bag of ice would drop down and slide out. Most people are familiar with ice machines (such as those often found in hotels) where the user must hold a bag to catch the ice as it comes out, so it was not entirely unreasonable for Salinardo to think the ice vending machine in question operated in a similar manner.

IHA also argues that Salinardo was more negligent than IHA, which bars recovery.[23] Under Delaware's comparative negligence statute, "if the plaintiff's contributory negligence is 50% or less, the plaintiff is permitted to recover, although the recovery is reduced proportionally."[24] However, if the plaintiff's contributory

---

[22] *Id.*

[23] *See* 10 *Del. C.* § 8132.

[24] *Helm v. 206 Mass. Ave., LLC*, 107 A.3d 1074, 1079 (Del. 2014).

negligence is greater than or equal to 51%, it is an absolute bar to recovery.[25] A plaintiff's apportionment of fault when comparatively negligent is generally a question of fact for the jury to decide and, only in exceptional circumstances, is it appropriate for the trial court to enter such judgment.[26]

Salinardo acknowledges that she did not thoroughly read the directions even though she was unfamiliar with the operation of the vending machine. And, it is baffling why she would assume a random bag on a parking bollard—what most people would consider to be trash—was to be used for bagging ice. However, the reasonableness of how Salinardo assumed the machine worked, as well as her level of contributory negligence, is a question best left for a jury to decide. Therefore, IHA's motion for summary judgment on the negligence count is DENIED.

## B.     The IHA Motion: Breach of Implied Warranty of Merchantability

To establish a claim for the implied warranty of merchantability, Salinardo must: i) show that a merchant sold the goods; ii) the goods were defective at the time of sale; iii) the defective goods caused injury to the consumer; iv) the proximate cause of the injury was the defective nature of the goods; and v) the seller received notice of the injury.[27]  Negligence need not be established.[28] To be considered

---

[25] *Id.*
[26] *Id.*
[27] *Abbate v. Werner Co.*, 2012 WL 1413524, at *2 (Del. Super. Jan. 19, 2012).
[28] *Hyatt v. Toys "R" Us, Inc*, 2007 WL 1970075, at *2-3 (Del. 2007).

"merchantable," the goods must be "fit for ordinary purpose for which such goods are used."[29] Liability can be imputed on the defendant manufacturer so long as the plaintiff is a "natural person who may reasonably be expected to use, consume or be affected by the goods and who is injured by the breach of the warranty."[30]

IHA argues that Salinardo fails to demonstrate that the ice machine was not merchantable at the time it was sold because the bag of ice was exactly what she purchased. Moreover, IHA states Salinardo's claim of negligent design and claim of breach of implied warranty of merchantability are interdependent and that neither can be supported by the record. Salinardo contends, however, there are genuine disputes of material fact regarding whether the ice machine was defective when sold or had sufficient warnings to prevent the injuries she sustained.

In *Hyatt v. Toys "R" Us, Inc.*, the Delaware Supreme Court upheld the Superior Court of Delaware's decision to submit claims of both negligence and implied warranty of merchantability to the jury for consideration.[31] The question on review was whether the jury's verdict—deciding Toys "R" Us was not negligent but that it did breach its warranty of merchantability—could be reconciled as inconsistent verdicts.[32] The *Hyatt* court reasoned that "[a] claim for breach of

---

[29] *Id.* at *2-3. (citation omitted).
[30] *Abbate*, 2012 WL 1413524, at *3. *See also* 6 *Del. C.* § 2-318.
[31] 2007 WL 1970075, at *1.
[32] *Id.* at *2. *See Hyatt v. Toys "R" Us*, 2006 WL 1484908, at *2 (Del. Super. May 30, 2006), rev'd on other grounds.

11

warranty, express or implied, is conceptually distinct from a negligence claim because the latter focuses on the manufacturer's conduct, whereas a breach of warranty claim evaluates the product itself."[33] The court held that the jury could have concluded Toys "R" Us's conduct was not negligent while also concluding that it breached its implied warranty of merchantability because the evidence presented regarding the assembly of the product could be viewed independently from the evidence more broadly related to the product itself and, simultaneously, support the two distinct claims in harmony.[34]

Salinardo is not the purchaser of the IHA ice machine, and she merely used it to purchase the ice. However, Delaware law allows for foreseeable users of products to seek redress via a breach of warranty claim from their injuries suffered in tort. There are no reasonable interpretations of the facts in the instant case to suggest Salinardo is not a foreseeable user. And, as discussed above, the claims set forth in her complaint are distinct from one another. While the jury could find that IHA was not negligent in its design of the machine or that its warnings were inadequate, when reviewing the record in the light most favorable to the non-moving party, it is possible that the jury could find IHA breached its implied warranty of merchantability for failing to plan or design a product safe for reasonable use. As

---

[33] *Id.* at 2 (citing *Cline v. Prowler Indus. of Md., Inc.*, 418 A.2d 968, 978 n. 19 (Del. 1980).
[34] *Id.* at *2-3.

such, IHA's motion as to this count is DENIED.

### C.    Banks' Motion: Negligence

Delaware courts have adopted the Restatement (Second) of Torts § 343 for determining the liability of a property owner.[35] Liability is imposed upon a property owner for the physical harm caused to a business invitee by a condition on the land if the owner knows of it, or if by the exercise of reasonable care, would have discovered the condition and, realizing that it involves an unreasonable risk of harm to the business invitee, provides adequate warning.[36] In other words, if a landowner could have discovered the unreasonable risk of harm through a reasonable inspection, the owner must employ sensible measures to warn the invitee to protect her from harm.[37]

In dispute is whether the Banks' failure to clear the empty ice bags from the parking bollard breached its duty to keep the premises safe for Salinardo. Banks argues that it was not reasonable to assume the plastic bags atop the parking bollard would be used as a device to catch free-falling ice from the machine's chute. And, because it would be unreasonable, that it did not owe a duty to Salinardo to protect her from such harm because liability would not attach to this inaction. Salinardo

---

[35] *Hamm v. Ramunno*, 281 A.2d 601, 603 (Del. 1971). *See* Restatement (Second) of Torts § 343 (1965).
[36] *Hamm*, 281 A.2d at 603.
[37] *Id.*

argues that Banks is required to protect against the potential harms posed by the machine and that the presence of the plastic bags were a breach of their requisite standard of care because it could—as she argues it did—lead her to believe the bags were to catch the purchased ice.

The presence of the bags may be relevant to the question of Salinardo's reasonableness in how the ice machine worked, but it is not the direct cause of her injuries. While a business must maintain a safe environment for customers, a stray piece of trash does not make the premises unsafe. There is no evidence that Banks knew of the bags or that Banks would know that someone may pick up the bag from the parking bollard and use it to catch ice. Therefore, Banks' motion for summary judgment is GRANTED.

## **CONCLUSION**

For the foregoing reasons, IHA's motion for summary judgment is DENIED and Banks' motion for summary judgment is GRANTED.

**IT IS SO ORDERED.**

Sincerely,

*/s/ Robert H. Robinson, Jr.*
Judge

14